# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CR-00140-01-DGK |
| CAESAR V. VACA, | ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXCLUDE EVIDENCE

The Superseding Indictment (Doc. 16) in this case contains two counts. Count One charges that on November 20, 2016, Defendant—a felon—possessed a Glock Model 19 handgun and ammunition. Count Two charges that on May 24, 2018, Defendant possessed with intent to distribute a mixture containing cocaine. On August 23, 2018, the Court granted Defendant's motion to sever, holding that the counts were improperly joined because the two charges were not connected, and the eighteen month expanse between the two events was too long for these events to be related. Order at 5-7 (Doc. 51).

Now before the Court is Defendant's Motion to Exclude Rule 404(b) Evidence (Doc. 45). Defendant moves to exclude three pieces of evidence: A 1995 Johnson County, Kansas, felony conviction for aggravated battery; a 2002 federal felony conviction for conspiracy to distribute more than five kilograms of a mixture containing cocaine, marijuana, and 3,4-methylenedioxymethamphetamine ("MDMA"); and a 1997 Wyandotte County, Kansas, conviction for one felony account of attempted possession of marijuana with intent to sell. In the event the Court admits any of these prior convictions, Defendant requests that the Court's limiting instruction follow the Model Eighth Circuit Jury Instruction which provides the jury "may"

consider such evidence, not the Government's proposed instruction that the jury "must" consider such evidence.

After carefully considering the parties' arguments,[1] the motion is DENIED IN PART and GRANTED IN PART.

### Standard

"Rule 404(b) is a rule of inclusion, and, as such, if evidence is offered for permissible purposes it is presumed admissible absent a contrary determination." *United States v. Davis*, 867 F.3d 1021, 1029 (8th Cir. 2017) (internal alterations and quotations omitted). Evidence is admissible under Rule 404(b) if it is (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) more probative than prejudicial. *Id.*

### Discussion

**1. Defendant's 1995 aggravated battery conviction is admissible to corroborate other evidence that the 1994 shooting incident occurred, but evidence a pregnant woman was shot during the incident is not.**

With respect to Count One, the Government intends to establish that on November 20, 2016, Defendant possessed a Glock 9mm semi-automatic handgun and fired it at a man outside a bar. The Government will introduce a statement Defendant gave to police on May 24, 2018, during which he ever denied owning or possessing a firearm.

The Government's 404(b) Notice includes evidence of a 1995 conviction in Kansas for aggravated battery. The conviction stems from an incident on April 8, 1994, when Defendant allegedly got out of a car and shot a handgun at a man, missing him but hitting a pregnant nineteen

---

[1] The Court has reviewed the entire docket, but it has particularly focused on the Government's Notice of Intent to Offer Evidence Pursuant to Rule 404(b) (Doc. 24), Defendant's Motion to Exclude Rule 404(b) Evidence (Doc. 45), and the Government's Reply to Defendant's Motion to Exclude (Doc. 55).

year-old bystander. Defendant was charged with aggravated battery for recklessly causing bodily harm or disfigurement, and in the alternative, with aggravated battery for recklessly causing bodily harm of disfigurement with a deadly weapon, a handgun. Defendant pled guilty to the former crime.

The Government's 404(b) Notice states that it seeks to admit evidence of the prior conviction for "aggravated battery by use of a deadly weapon, namely a handgun." It also seeks to admit other evidence related to the 1994 incident. The Government states it has identified an eyewitness to this shooting, and "it is the Government's hope" that the witness will testify that the incident involved a firearm. Reply at 6. In an email sent to the Court and Defense counsel after the parties completed their briefing, the Government also states it "has found a court document in which the defendant admitted to shooting the firearm and inadvertently shooting a bystander." Email dated October 18, 2018 at 2 (Doc. 67). The Government proposes using the 1995 aggravated battery conviction to corroborate the eyewitness testimony and Defendant's admission in the court document.[2]

The Government contends all of the above evidence is admissible to show Defendant's claims that he never owned or possessed a firearm in his life are false exculpatory statements that the jury may consider as consciousness of guilt. It also argues the evidence is admissible because Defendant's defense of general denial has placed his state of mind at issue, and Defendant's possession of a firearm in 1994 is relevant to showing Defendant's knowledge and intent in allegedly possessing a gun in 2016.

---

[2] The Government is not precluded from introducing more evidence on the subject than it initially indicated in the Notice. Rule 404(b)(2)(A) provides that the prosecutor must provide reasonable notice "of the general nature of any such evidence that the prosecutor intends to offer at trial." The Government's filing gave general notice of this evidence, and it appears the Government has notified Defendant of the related evidence (the eyewitness testimony and the court document containing the alleged admission) as well.

Defendant responds that even if he possessed a handgun in 1994—a point he does not concede—the Government has not carried its burden of explaining how this evidence is relevant. Defendant also argues that the 1994 event does not meet the requirement that it be reasonably close in time to the crime he is now charged with, an incident that occurred twenty-two years later.

The Court holds the evidence at issue (the certified conviction, the eyewitness testimony, and the court document containing an admission from Defendant) is relevant to the issue of whether Defendant's May 24 statement to the police was a false exculpatory statement. Additionally, since the Government intends to produce evidence Defendant has denied *ever* owning or possessing a firearm, the 1994 incident is not too old to be admitted.

But every detail from the 1994 incident is not admissible. For example, the fact that Defendant accidently shot a pregnant woman when he allegedly possessed a gun in 1994 is only marginally relevant to whether he owned or possessed a firearm in 2016. This detail is unquestionably inflammatory, and the Court is doubtful that any limiting instruction could ensure the jury would not consider this fact as propensity evidence or evidence that Defendant is generally a menace to the community. Thus, the fact that a pregnant woman was shot in 1994 is more unfairly prejudicial than probative.

Accordingly, the Court rules the Government shall be allowed to admit evidence that in 1994 Defendant shot at a man with a handgun. Once the Government has placed preliminary evidence of this incident on the record, either through the eyewitness testimony or the court document containing Defendant's admission, the Government may introduce a certified copy of the 1995 aggravated assault conviction as corroborating evidence. Evidence that Defendant shot a pregnant woman in the 1994 incident is excluded.

**II. Defendant's 2002 conviction for conspiracy to distribute cocaine is admissible.**

The Government also seeks to introduce evidence that in 2002 Defendant was convicted and sentenced for conspiracy to distribute more than five kilograms of a mixture containing a detectable amount of cocaine, a detectable amount of marijuana, and a detectable amount of MDMA. Defendant moves to exclude this evidence, arguing the conviction is too old to have any probative value, and that the only similarity between the 2002 conviction and the present charge is that they both involve cocaine. Defendant also contends the Government must differentiate between the illegitimate use of a prior conviction to show propensity and the proper use of a prior conviction to prove intent, and it has not done so here.

The Government responds that the 2002 conviction is relevant under controlling Eighth Circuit caselaw because Defendant has asserted a defense of general denial, putting his state of mind an issue. The Government claims the prior conviction is relevant because it demonstrates Defendant's knowledge, intent, and motive in possessing cocaine. The Government also argues the 2002 conviction is not too remote in time under governing Eighth Circuit caselaw.

The Court holds the 2002 conviction is relevant to Defendant's state of mind, specifically his knowledge, intent, and motive in allegedly possessing cocaine on May 24, 2018. It is also supported by sufficient evidence, namely a certified copy of the conviction; the 2002 conviction is similar in kind, a conviction for distribution of cocaine, and it is not more prejudicial than probative. Whether the 2002 conviction is overly remote in time to the crime charged is a closer call.

As a threshold matter, the Court does not agree with the Government's assertion that recent Eighth Circuit caselaw has reduced the relevant analysis to three questions:

> 1) Does the defendant have a prior drug conviction/conviction involving use of a firearm? 2) Is the defendant being prosecuted for

5

drugs/firearm possession now?  3) Is the defendant's state of mind at issue?  If the answer to all three of these questions is 'yes,' the Eighth Circuit has determined the prior convictions to be relevant and admissible under Rule 404(b).

Reply at 7 (Doc. 55).

Granted, it appears to have been several decades since the Eighth Circuit held a district court abused its discretion in admitting a prior drug or firearm conviction under Rule 404(b) because the conviction was so old that its admission was more prejudicial than probative.  *See*, *e.g.*, *United States v. Mejia-Uribe*, 75 F.3d 395, 396, 399 (8th Cir. 1996) (holding a conviction involving a single sale more than fifteen years earlier was too remote in time to be admissible).  But the Eighth Circuit has not abolished the requirement that a prior conviction not be "overly remote in time to the crime charged."  *See*, *e.g.*, *Davis*, 867 F.3d at 1029.

On the contrary, by its own admission, it has generally "been reluctant to uphold admission of evidence of prior acts occurring more than 13 years prior to the charged offense" and typically upholds admission in such cases because the defendant had been incarcerated for some of the intervening years.  *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006).[3]  For example, in *United States v. Halk*, 634 F.3d 482 (8th Cir. 2011), the Eighth Circuit held evidence of a nineteen year-old conviction was not too remote to be admissible under Rule 404(b) because the

---

[3] But even this observation was too strong for one member of the *Walker* panel, Judge Melloy, who dissented.

> I believe that *United States v. Strong*, 415 F.3d 902 (8th Cir. 2005), with a sixteen-year interval and a tenuous factual connection between the defendant's prior crime and the charged offense, represents the outer limits of Rule 404(b) admissibility.  I would not extend those limits to cover the eighteen-year time frame between Walker's prior criminal conduct and the charged offense.

*Id*. at 1276.

defendant had been incarcerated for twelve of the intervening years. *Id*. at 487-88 (Melloy, J.); *see also id.* at 490 (Hansen, J.) (opining in a concurrence that the case fell "comfortably within the time frames in our previous cases where we found no abuse of discretion" because the defendant was incarcerated for over twelve years of the nineteen year lapse and he committed the instant offense within six years of his release from prison.).

Applying this precedent to the present case, the Court holds the 2002 conviction is not overly remote despite being sixteen years old because it involves a similar intervening imprisonment: Defendant spent approximately seven of the past sixteen years in prison.[4] Consequently, the 2002 conviction is admissible under Rule 404(b).

**3. The remaining disputes are moot.**

In its reply, the Government stated that if the Court permitted the Government to present evidence of the 2002 conviction, it would not present evidence of Defendant's 1997 conviction for possession of marijuana with intent to sell because this evidence would be cumulative. The Court has ruled the 2002 conviction is admissible; thus, the Government will not present evidence of the 1997 conviction, and so the portion of Defendant's motion concerning the 1997 conviction is moot.

The Government also indicated in its reply that to avoid needless litigation, it would concur with Defendant that the Court's limiting instruction should read "may," not "must." Thus, this portion of the motion is also moot.

The motion (Doc. 45) is DENIED IN PART and GRANTED IN PART.

**IT IS SO ORDERED.**

Date: November 20, 2018    /s/ Greg Kays
                           GREG KAYS, CHIEF JUDGE

---

[4] The Government writes that the Court sentenced Defendant to 90 months' imprisonment in 2002, released him on supervised released, and then revoked his release and sentenced him to an additional 18 months imprisonment. Since Defendant could have had his sentence partially reduced for not incurring disciplinary infractions, it is unclear exactly how long he was incarcerated.

UNITED STATES DISTRICT COURT