# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CR-00140-01-DGK |
| CAESAR V. VACA, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

On March 28, 2019, a jury found Defendant guilty of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Three months later, the Supreme Court issued its decision in *Rehaif v. United States*, which held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019).

Now before the Court is Defendant's Motion for New Trial Pursuant to Fed. R. of Crim. P. 33 (Doc. 158) based on *Rehaif*. Defendant argues that the grand jury and petit jury's failure to consider this additional element, whether at the time Defendant possessed the gun and ammunition he knew he had previously been convicted of a crime punishable in excess of one year of imprisonment, violated his Fifth and Sixth Amendment right to due process and jury trial guarantees. He contends it is a miscarriage of justice warranting a new trial under Federal Rule of Criminal Procedure 33.

The Government opposes the motion. It argues the attack on the indictment is untimely and, in any event, any defect in the indictment was rendered harmless by the petit jury's subsequent

guilty verdict. With respect to his request for a new trial, the Government notes the standard of review is plain error, and Defendant cannot show a reasonable probability that he would have been acquitted if the jury had been properly instructed.

Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." A district court must exercise its authority under Rule 33 "sparingly and with caution." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009). In order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *Id.* (internal quotation marks omitted).

Because Defendant "'failed to challenge the lack of a jury instruction regarding his knowledge of his felony status'" at trial, this Court reviews his claim "'for plain error.'" *United States v. Heard*, 951 F.3d 920, 929 n.2 (8th Cir. 2020) (quoting *United States v. Hollingshed*, 940 F.3d 410, 415 (8th Cir. 2019)). To establish plain error, a defendant must show: "(1) an error (2) that was obvious and (3) that affected the defendant's substantial rights and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Hollingshed*, 940 F.3d at 415. Because the jury was not instructed to find that Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time the he possessed the firearm, the Court finds that this constitutes an obvious error, satisfying elements one and two.

Nevertheless, Defendant cannot satisfy the third and fourth elements. There is no dispute that during a video-recorded interview made after his arrest on May 24, 2018, Defendant asked whether he was being arrested for being a felon in possession, nor is there any dispute Defendant has spent a substantial portion of his adult life in prison. Taken together, these facts indicate that Defendant knew his status as a felon on the day of the offense. The Court has no doubt that if this evidence were offered at his original trial (or a new trial), the jury would find Defendant was aware

2
Case 4:18-cr-00140-DGK   Document 163   Filed 05/08/20   Page 2 of 3

of his status as a felon. Hence, Defendant cannot show a reasonable probability that, but for the error, the result of his trial would have been different. *Id.* at 416. Consequently, "'any error in not instructing the jury to make such a finding did not affect [Defendant's] substantial rights or the fairness, integrity, or public reputation of the trial.'" *Id.* (quoting *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019)).

Because Defendant cannot establish plain error, the motion (Doc. 158) is DENIED.

**IT IS SO ORDERED.**

Date:  May 7, 2020      /s/ Greg Kays
                                                           GREG KAYS, JUDGE
                                                           UNITED STATES DISTRICT COURT